# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| WESLEY ELDER DeFREITAS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV416-229 |
| | ) | CR415-098 |
| UNITED STATES OF AMERICA, | ) | CR415-021 |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Movant Wesley DeFreitas, proceeding *pro se*, moves under 28 U.S.C. § 2255 to vacate the sentence this Court imposed following his guilty plea to unlicensed dealing of firearms, receipt of stolen property, and possession of stolen explosives. Docs. 26 & 27;[1] *see* docs. 1 (information), 13 (plea agreement), 15 (judgment for 96 months' imprisonment), 18 (signed post-conviction certification declining to appeal conviction). He claims that his attorney was ineffective, resulting in a significantly higher sentence than he would have otherwise received. Doc. 26 at 7.

---

[1] The Court is citing to the criminal docket in CR415-098 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

## I. BACKGROUND

The issue is whether movant received competent legal advice in electing to plead guilty and reap his plea bargain's benefits. Though he contends otherwise, the record shows that DeFreitas was provided with quite a bit of information prior to his incarceration. At his plea hearing, the Court read the charges in the Information and confirmed he understood what the Government would have to do to convict him of those charges. Doc. 29 at 16-20. The Court then explained the rights he was giving up by pleading guilty, including the rights to a trial, to put forth a defense, and to remain silent. DeFreitas swore he understood. *Id.* at 9-14.

The Court also explained the possible sentences he could face for pleading guilty and that he would be sentenced under the advisory Sentencing Guidelines. DeFreitas again testified he understood. *Id.* at 20-26. He testified he had not been forced or pressured into pleading guilty (*id.* at 24 & 28) and that he was satisfied with his attorney's representation (*id.* at 15).

The Court concluded that DeFreitas understood "the substance and meaning of the charges, the consequences of his plea, and the facts

which the Government must prove and which, by his plea of guilty, admits all the essential elements of the offense." Doc. 29 at 28. It further concluded that he had "engaged in this proceeding with intelligence and competence" and that he had "offered his plea of guilty as a matter of his own free choice." *Id.*; *see also Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *United States v. Spitzer*, 785 F.2d 1506, 1514 n. 4 (11th Cir. 1986) ("[I]f the Rule 11 plea-taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely.").

## II. ANALYSIS

DeFreitas argues that his attorney was ineffective for failing to (1) move to suppress evidence seized pursuant to a search warrant, (2) investigate potentially exculpatory evidence, (3) object to the Presentence Investigative Report (PSR), and (4) present mitigating evidence at sentencing. Doc. 26 at 4-7; doc. 27 at 2-7. All of these claims fail.

Four sets of governing principles must be applied here. First, DeFreitas "bears the burden of establishing the need for § 2255 relief,

3

as well as that of showing the need for an evidentiary hearing." *Mikell v. United States*, 2011 WL 830095 at * 2 (S.D. Ga. Jan. 26, 2011); *see also Williams v. Allen*, 598 F.3d 778, 788 (11th Cir. 2010). He thus must demonstrate that any claimed error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quotes and cite omitted).

Second, any claims not raised on direct appeal are procedurally defaulted, *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004), though claims of ineffective assistance of counsel (IAC)[2] generally are not. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Third, "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Lalani v. United States*, 315 F. App'x 858, 860-61 (11th Cir. 2009).

---

[2] In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether counsel's assistance was ineffective. First, the movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* Second, he must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

4

And fourth, a defendant who enters an unconditional plea of guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred *prior* to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (emphasis added). That is, "[a] defendant's plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in that defendant's court proceedings." *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997); *see also United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003). The bar applies both on appeal and on collateral attack. *See United States v. Broce*, 488 U.S. 563, 569 (1989). "A defendant who wishes to preserve appellate review of a non-jurisdictional defect while at the same time pleading guilty can do so only by entering a 'conditional guilty plea' in accordance with Federal Rule of Criminal Procedure 11(a)(2)." *Pierre*, 120 F.3d at 1155.

Defendants who have entered an unconditional guilty plea therefore may challenge their pre-plea constitutional claims only by showing that the advice they received from counsel undermined "the voluntary and intelligent character of the plea." *Tollett*, 411 U.S. at

5

267. This includes

> defects in the procedure by which the plea was received or circumstances which make the plea other than voluntary, knowing and intelligent. It also includes cases where the guilty plea was induced through threats, misrepresentations, or improper promises, such that the defendant cannot be said to have been fully apprised of the consequences of the guilty plea. . . .

*Mikell*, 2011 WL 830095 at *2 (cites and quotes omitted). Otherwise, all substantive claims that could have been raised before the plea, such as suppression-based claims, are waived. *Franklin v. United States*, 589 F.2d 192, 194-95 (5th Cir. 1979) ("By entering a knowing, voluntary, intelligent guilty plea on the advice of competent counsel, [petitioner] has waived all nonjurisdictional complaints . . . [such as] claims regarding *Miranda* warnings, coerced confessions, perjury and illegal searches and seizures. . . ."); *Washington v. United States*, 2010 WL 3338867 at * 15 (S.D. Ala. Aug.5, 2010) (collecting Eleventh Circuit cases denying habeas relief on suppression-based IAC claims and concluding that, "[b]ecause all of Washington's asserted claims of ineffective assistance of counsel relate to the suppression issue, the denial of which has been waived . . . they have been waived by petitioner's entry of a knowing and voluntary plea. . . .").

### A. Pre-Plea Claim

DeFreitas, who pled guilty unconditionally, cites no legally recognizable involuntariness grounds (*e.g.*, that he was threatened or misled by his lawyer, the judge, etc.) that would undermine his guilty plea. He contends instead that counsel failed to fully investigate and challenge the evidence the Government gathered against him, so that he did not enjoy the benefit of any such "potentially effective" claim and his guilty plea -- negotiated without such hypothetical benefit -- is now compromised. *See, e.g.*, doc. 27 at 4-5.

Of course, that simply ignores the fact that by "entering into the negotiated plea agreement, [movant] was telling his lawyer not to conduct any further investigation and not present at a trial proceeding any legal defenses that he may be entitled to as it relates to his case." *Glaubman v. United States*, 2009 WL 2970495 at * 20 (S.D. Fla. Sep.16, 2009); *see also Haring v. Prosise*, 462 U.S. 306, 321 (1983) ("[A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it *quite validly* removes the issue of factual guilt from the case."). Accordingly, DeFreitas cannot litigate his pre-plea, factual-innocence claim masquerading as an ineffective

7

assistance of counsel (IAC) claim, since he gave up that right in return for the government's agreement to drop the remaining counts against him. *See Mikell*, 2011 WL 830095 at *3. At most he can attack his guilty plea by showing that the advice counsel gave him undermined "the voluntary and intelligent character of [his] plea." *Tollett*, 411 U.S. at 267; *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Movant has failed to do that. He swore under oath that no one, *including his attorney*, had made him any promises not contained in that agreement. Doc. 29 at 24 & 28. He also swore that he fully understood the rights he was giving up by entering a guilty plea, the possible sentence he faced, and was fully satisfied with counsel's performance. *Id.* at 9-15. Though he may have harbored doubts about just how much the Government could actually prove against him, his solemn declarations before the Court carry a presumption of verity and rightly constitute a formidable barrier for him to overcome in these collateral proceedings. *Blackledge*, 431 U.S. at 74; *Rasco v. United States*, 2014 WL 10754131 at * 1-2 (S.D. Ga. Sept. 3, 2014) (Rasco's guilty-plea transcript "negates [his] claim that counsel 'coerced' him and 'altered' the plea agreement that he signed."). DeFreitas falls far short

8

of overcoming that barrier. In fact, his only showing here is buyer's remorse: that he believes that if only counsel had worked harder, things would be different.

A "§ 2255 action is not designed to account for buyer's remorse. But that is all that is at issue here." *Falgout v. United States*, 2013 WL 3712336 at * 6 (N.D. Ala. July 12, 2013); *Nelson v. United States*, 2015 WL 4756975 at * 1 (S.D. Ga. Aug. 11, 2015) ("Nelson has wasted this Court's time with a 'buyer's remorse' filing. He chose to plead guilty with full knowledge of the consequences. Now he must live with those consequences.").

### B. Plea Proceeding and Sentencing Claims

Guilty-plea proceeding and sentencing-based claims, in contrast, face different standards because they are not "pre-plea." *See, e.g.*, *Hudson v. United States*, 727 F. Supp. 2d. 1376, 1381 (S.D. Fla. 2010). Movant's claims, however, fail on the merits. DeFreitas faults his counsel for failing to fully investigate the facts in the PSR and object to "a host of inaccuracies" contained in the report, failing to turn up potentially exculpatory evidence and witnesses who could have testified in his defense at sentencing, and failing call witnesses who could have

9

presented mitigating testimony on his behalf. Docs. 26 & 27. But he does not offer any suggestions as to which exculpatory witnesses counsel should have located, or what information relevant to his sentencing they might have provided. Conclusory allegations do not support § 2255 relief.[3]

Further, contrary to DeFreitas' contention, counsel *did* present extensive mitigating evidence by calling his wife and movant himself to testify. *See* doc. 25 at 9-17 (testimony from movant's wife regarding her poor health and her husband's military service and mental health after returning from deployment), *id.* at 28-32, 33-34, 40 (movant's testimony about his military service and mental health after returning to deployment and request for clemency).

The Court considered that testimony, as well as counsel's

---

[3] "Laundry list" claims of deficient representation -- offered without explaining, with full citation to the record, how they were viable *and* that no reasonable lawyer would have missed them -- do not an IAC claim make. A typical IAC claim succeeds only where counsel has, metaphorically speaking, shot at the side of a barn yet missed. *See Sullivan v. Secretary, Fla. Dep't. of Corr.*, 837 F.3d 1195, 1205 (11th Cir. 2016) (an attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance, as element of ineffective assistance of counsel); *see also id.* at 1206 (in prosecution for fleeing and attempting to elude a law enforcement officer, trial counsel was ineffective in presenting a voluntary intoxication defense long after it had been statutorily abolished, instead of advising defendant to accept state's pretrial plea offer).

argument for leniency (*see* doc. 25 at 40-41), before determining (based on the undisputed facts and evidence) that a 96-month sentence was appropriate. *Id.* at 41-44. Counsel was not deficient for failing to beat a dead horse sufficient to movant's liking. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) (there is no "constitutional right to compel appointed counsel to press nonfrivolous points").

As for the PSR, the 96-month sentence was not created out of whole cloth. DeFreitas knowingly possessed 111 firearms (one of which was stolen), 178 stolen small arms protective inserts (SAPI) plates, and 9 stolen high explosive dual purpose (HEDP) military rounds. Of those firearms, 5 were sold *directly* to undercover agents and their confidential informants on three separate occasions, and 50 were recovered during a search of his store. PSR at ¶ 22. The remaining 56 firearms were recovered from DeFreitas' storage unit, after his employee informed agents that he was trying to hide them from authorities. *Id.* at 19, 25. As an initial matter, movant's argument that counsel failed to object to the PSR is baseless -- counsel not only objected to the PSR but also objected to the sentencing enhancements for the number of firearms involved in the offense and for possession of

a firearm in connection with another felony. S*ee* doc. 25 at 5-9; PSR, Addendum; *United States v. DeFreitas*, No. 4:15cr21 at doc. 21. That the Court disagreed does not render counsel's performance deficient.

More importantly, counsel's performance resulted in a 96-month sentence -- a 204-month departure from the high end of the advisory sentencing guidelines. *See* doc. 15; *see also* doc. 25 at 43-44 (basing downward departure based on evidence put forth regarding movant's military history and sparse criminal history).

Though he may not have appreciated fully counsel's effective advocacy at the time, DeFreitas actually received the full benefit of counsel's expertise in getting the exact thing he seeks now in his § 2255 motion: a sentence far below the advisory maximum. *Compare* PSR at ¶ 88 (had movant been convicted as charged in the superseding indictment, he would have faced an advisory guideline range of 360 months-to-life imprisonment; his plea limited his sentence to a maximum 25-year statutory sentence), *with* doc. 15 (judgment for 96 months' (8 years) imprisonment). His claim that counsel was deficient is plainly without merit.

This is not, then, a case where a lawyer lied to his client and thus

rendered a guilty plea involuntary, *cf., United States v. Sosa*, 782 F.3d 630, 636 (11th Cir. 2015), or dropped the ball on an outcome-altering defense in misadvising his client to plead guilty. *Arvelo v. Sec'y, Fla Dept. of Corr.*, 788 F.3d 1348-49 (11th Cir. 2015), cited in *Sanchez v. Jones*, 2015 WL 7820635 at *11-12 (N.D. Fla. Nov. 2, 2015); *see also id.* at * 20 (no IAC for failing to move to dismiss on limitations defense and instead advising petitioner to plead guilty). Rather, it is merely a "buyer's remorse" § 2255 motion that is dead on arrival.

## III. CONCLUSION

Wesley DeFreitas' 28 U.S.C. § 2255 motion therefore should be **DENIED**.[4] For the reasons set forth above, it is plain that he raises no substantial claim of deprivation of a constitutional right. Accordingly, no certificate of appealability should issue. 28 U.S.C. § 2253; Fed. R. App. P. 22(b); Rule 11(a) of the Rules Governing Habeas Corpus Cases

---

[4] Because DeFreitas' motion is entirely without merit and his contentions are unambiguously contradicted by the record, no evidentiary hearing is necessary. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (a hearing is unnecessary "if the allegations are 'patently frivolous,' 'based upon unsupported generalizations,' or 'affirmatively contradicted by the record.'"); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (same); *Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004) (where the motion "amount[ed] to nothing more than mere conclusory allegations, the district court was not required to hold an evidentiary hearing on the issues and correctly denied Lynn's § 2255 motion.").

13

Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*,

14

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this   27th   day of January, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA